IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUAN CARLOS SANCHEZ RODRIGUEZ,<br><br>*Petitioner*,<br><br>VS.<br><br>MARKWAYNE MULLIN, in His Official Capacity as Secretary of the Department of Homeland Security; TODD LYONS, in His Official Capacity as Acting Director of U.S. Immigration and Customs Enforcement; MIGUEL VERGARA, in His Official Capacity as Director of the San Antonio Field Office of ICE, Enforcement and Removal Operations; BOBBY THOMPSON, Warden of the South Texas ICE Immigration Processing Center; and DAREN K. MARGOLIN, Director of the Executive Office for Immigration Review,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. SA-26-CV-515-FB |

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Report and Recommendation of United States Magistrate Judge filed on July 14, 2026 (ECF No. 20); and Federal Respondents' Objections to the Report and Recommendation filed on July 22, 2026 (ECF No. 21).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, Magistrate Judge Farrer recommends that the Petition for Writ of Habeas Corpus filed by Petitioner Juan Carlos Sanchez Rodriguez (ECF No. 1) be GRANTED IN PART and Respondents be ordered to "'RELEASE Petitioner under conditions substantially similar to those contained in his prior OSUP.' *See Medellin Martinez*, 5:25-cv-1319-OLG, at 6; *see also Escalante*, 2025 WL 2206113, at *4 (ordering that re-detained petitioner be released 'subject to an order of supervision in accordance with 8 C.F.R. § 241.5')." Report, ECF No. 20 at page 15. In addition, Magistrate Judge Farrer recommends that any other relief not specifically recommended, including Petitioner's request for attorney's fees under the Equal Access to Justice Act ("EAJA"), be DENIED. Should this Court adopt the Recommendation, Respondents' Motion to Lift Stay of Removal (ECF No. 9), and Petitioner's Motion to Expedite (ECF No. 11) should be moot.

The Court has thoroughly analyzed the submissions in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters properly raised by the objections. After due consideration, the Court concludes the objection lacks merit and should be overruled. The Court hereby accepts, approves, and adopts the factual findings and legal conclusions by the United States Magistrate Judge contained in the Report and Recommendation (ECF No. 12). The Report and Recommendation of the United States Magistrate Judge shall be

accepted pursuant to 28 U.S.C. § 636(b)(1) such that the Petition for Writ of Habeas Corpus filed by Petitioner Juan Carlos Sanchez Rodriguez (ECF No. 1) shall be GRANTED IN PART and Respondents shall be ordered to RELEASE Petitioner under conditions substantially similar to those contained in his prior OSUP; any other relief not specifically recommended, including Petitioner's request for attorney's fees under the Equal Access to Justice Act ("EAJA") shall be DENIED; and Respondents' Motion to Lift Stay of Removal (ECF No. 9), and Petitioner's Motion to Expedite (ECF No. 11) shall be DISMISSED AS MOOT.

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge, filed in this case on July 14, 2026 (ECF No. 20) is ACCEPTED such that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART such that Respondents are ORDERED to release Petitioner from their custody as set forth below:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Juan Carlos Sanchez Rodriguez (A# 075-862-157) from custody under reasonable conditions substantially similar to those contained in his prior OSUP to a public place no later than **Thursday, September 3, 2026.**

2. Respondents must **NOTIFY** Petitioner's counsel, by email or by a direct telephone conversation, of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3. Respondents shall **FILE** a status report no later than **Tuesday, September 8, 2026**, confirming that Petitioner has been released.

IT IS FURTHER ORDERED that any other relief not specifically recommended, including Petitioner's request for attorney's fees under the Equal Access to Justice Act ("EAJA") is DENIED.

IT IS FINALLY ORDERED that motions pending, including Respondents' Motion to Lift Stay of Removal (ECF No. 9), and Petitioner's Motion to Expedite (ECF No. 11), are DISMISSED AS MOOT, and this case is CLOSED. A final judgment will issue separately.

It is so ORDERED.

SIGNED this 30th day of August, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE